United States Bankruptcy Court
Eastern District of Pennsylvania

| In re: | Case No. 24-11098-pmm |
|---|---|
| Joseph P. Watkins, | Chapter 13 |
| Debtor. | |

**Debtor's Motion to Approve Electronic Signature**

Debtor Joseph P. Watkins, by his attorney, moves this Court for the entry of an order that approves his use of an electronic signature. The Bankruptcy Code, local rules, practical customs within this district, and public policy all support the relief the Debtor is requesting.

The Debtor signed his petition using Adobe Sign. Exhibit A. Adobe Sign is an electronic signature service that employs industry-standard encryption and complies with the Electronic Signatures in Global and National Commerce Act ("ESIGN"), 15 U.S.C. ch. 96. Exhibit B. This Court has approved the use of ESIGN-compliant signatures before. Exhibit C.

Electronic signatures became common in this district during the four years that L.B.R. 5005-7(b) (the "Local Signature Rule") was suspended by an emergency standing order sparked by the COVID-19 pandemic. Now that the standing order has been terminated, people with an old-fashioned understanding of technology erroneously believe that the Local Signature Rule must be read to require a "wet" signature using pen and paper.

> All documents . . . must be physically signed by the debtor. These documents may be filed electronically by either: (i) filing a scanned copy of the physically signed document; or (ii) affixing the notation "s/" next to the typed name of the person whose signature appears on the original document. L.B.R. 5005-7(b).

The Local Signature Rule and committee comments do not expressly suggest that the Rule intends to prohibit electronic signatures; the Rule just says that a document must be physically

signed. Exhibit D. The language is simply a product of its time. The Local Signature Rule was written seven years ago, in a world where the Eagles never won the Super Bowl, the Phillies were far from ever appearing in another World Series, and most people had never heard of a startup company called Zoom. To appear at meetings of creditors, debtors and their attorneys had to sit for hours in hot and smelly waiting rooms, which is now unthinkable.

Seven years ago, printing a document, signing it, and taking a picture of it was the most commonly understood and accessible way of electronically signing something. But times have changed, and people are used to signing documents using secure ESIGN-compliant systems. Many debtors used electronic signatures to incur the debts that they now seek to discharge in bankruptcy, and the Court allows non-CM/ECF users to file proofs of claim with electronic signatures using the Court's ePOC system.

The Debtor's electronic signature adheres to a common sense, practical, and contemporary reading of the Local Signature Rule because the Debtor physically signed the document by drawing his signature on a mobile device with his finger. It is hard to see how drawing a signature on a piece of paper and taking a picture of it is better than that. Some debtors may not have access to printers, and others may be unable to pay to fix a broken iPhone camera. Most debtors need to work to earn the money they use to make plan payments and cannot take time off to go to their attorney's office every time they must sign an amended pleading. Reading the Local Signature Rule according to an old-fashioned understanding of technology would only undermine the accessibility of the Court to those who need it most.

Even before the pandemic, it was this district's practical custom to be flexible with respect to debtor authentication, even in the face of plain instructions to the contrary. For example, it is and

was an acceptable practice for attorneys to amend schedules without also filing an amended declaration form signed by the debtor, even though the instructions on Official Form 106Dec state that a debtor's signature must be obtained whenever schedules are amended. Exhibit E. Given this custom, it must be acceptable to use electronic signatures. To say otherwise would mean that, in some places, no signature is more acceptable than an electronic one.

"[W]hatever merit the argument that wet ink signatures are a necessity, dissipates as the electronic age takes over our day-to-day lives." *Schwab v. Tanribilir*, 587 B.R. 287, 292 (Bankr. M.D. Pa. 2018). The question of whether a signature is wet or dry is a distraction from the bigger question of whether a document, however signed, is authenticated by a debtor as required by Fed. R. Bankr. P. 1008 and Fed. R. Civ. P. 9011. *Id*. ESIGN-compliant systems produce audit trails to show that the person to whom a document was sent opened, read, and signed a document. There is nothing to suggest that ESIGN-compliant systems are less secure than the CM/ECF system, which was recently hacked by three hostile foreign actors. Sarah N. Lynch, *U.S. Justice Department probing cyber breach of federal court records system*, Reuters (July 29, 2022), https://www.reuters.com/world/us/us-justice-dept-probing-cyber-breach-federal-court-management-system-2022-07-28/.

Today, "wet signatures are the exception, not the rule." *Schwab*, 587 B.R. at 292. Federal and Pennsylvania law prohibit most signatures from being denied legal effect just because they are signed electronically. 15 U.S.C. § 7001(1); 73 Pa. Stat. § 2260.305.  Those laws are not directly binding on this matter, but they are loud demonstrations by Congress and the Pennsylvania General Assembly that prohibiting electronic signatures is strongly against public policy. In that vein, both the District Court and the Third Circuit have upheld the validity and enforceability of electronic

signatures. *Dicent v. Kaplan Univ.*, 758 Fed.Appx. 311, 313 (3d Cir. 2019); *Jallad v. Madera*, 474 F.Supp.3d 667, 672 (E.D. Pa. 2020); *Martin v. Liberty Mut. Ins.,* Civil Action 21-4360, at *8 (E.D. Pa. Mar. 20, 2023). This Court must join them.

In conclusion, a common sense, practical, and contemporary reading of the Local Signature Rule that allows the use of electronic signatures aligns with the Bankruptcy Code, practical customs within this district, and public policy. After all, "if validity depended on the 'wetness' of [a] signature, few [bankruptcy court] Orders would be enforceable." *Schwab*, 587 B.R. at 292.

For those reasons, the Debtor respectfully asks the Court to grant relief in the form of order attached, and further in his favor if necessary and proper under the law.

Date: April 23, 2024                    CIBIK LAW, P.C.
                                        *Attorney for Debtor*

                                        By: _____
                                            Michael I. Assad (#330937)
                                            1500 Walnut Street, Suite 900
                                            Philadelphia, PA 19102
                                            215-735-1060
                                            help@cibiklaw.com